1

2

3

4

5

6          **IN THE UNITED STATES DISTRICT COURT**

7          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    UNITED STATES OF AMERICA,                    CASE NO. CR F 03-5410 LJO

10                        Plaintiff,             **ORDER GRANTING MOTION TO DISMISS**
                     vs.                         **and DISMISSING SECTION 2255 MOTION**
11
     VICTOR VEVEA,
12
                        Defendant.
13   _____/

14                                  **INTRODUCTION**

15          On May 1, 2012, defendant and petitioner Victor VeVea ("Mr. VeVea") moved to vacate, set

16   aside, or correct his sentence pursuant to 28 U.S.C. §2255 ("Section 2255"). In his 64-page motion, Mr.

17   VeVea asserts ten grounds for relief, including: (1) Brady violation; (2) denial of right to compulsory

18   process; (3) denial of right to be present; (4) denial of right to counsel; (5) denial of right to jury trial;

19   (6) denial of right to speedy prosecution; (7) denial of right to impartial trier of fact; (8) conviction on

20   untenable theories of guilt; (9) ineffective assistance of counsel; and (10) prosecutorial misconduct. This

21   Court ordered the government to oppose Mr. VeVea's Section 2255 motion on May 3, 2012.

22          On May 31, 2012, the government moved to dismiss Mr. VeVea's Section 2255 motion for lack

23   of jurisdiction. In its motion to dismiss, the government argues that this Court lacks jurisdiction over

24   Mr. VeVea's Section 2255 action, because Mr. VeVea is not "in custody" within the meaning of Section

25   2255. The government further requests to stay briefing on the Section 2255 motion until resolution of

26   the government's motion to dismiss.

27          For the following reasons, this Court GRANTS the government's motion to dismiss and

28   DISMISSES Mr. VeVea's Section 2255 motion for lack or jurisdiction.

                                                    1

Mr. VeVea was convicted of unlawful access to stored communications on January 23, 2008. This Court sentenced Mr. VeVea on February 13, 2008. This Court entered a written Judgment against Mr. VeVea on March 3, 2008 (Doc. 263). Pursuant to the terms of the Judgment, Mr. VeVea was sentenced to probation for a term of three (3) years.

After his conviction, Mr. VeVea filed numerous post-conviction motions with Court. Between 2008 and 2010, he filed, among other things, a motion for a new trial, a motion to amend the judgment, a motion to clarify the judgment, a motion to stay the imposition of the sentence, and a motion to modify the conditions of release. On November 1, 2010, this Court granted Mr. VeVea a limited modification of his probation terms to allow him to use email communications to communicate with his appellate attorney. (Doc. 327). The terms of Mr. VeVea's probation were in no other way altered, modified, stayed, or vacated.

Mr. VeVea also filed a direct appeal. On July 29, 2011, the Ninth Circuit Court of Appeals affirmed in part and dismissed in part Mr. VeVea's appeal. (Doc. 332). The Ninth Circuit found that because Mr. VeVea was tried for a Class B misdemeanor, his prosecution was not governed by the Speedy Trial Act and he was not entitled to a jury trial. The Ninth Circuit further adjudged that Mr. VeVea was not denied the Sixth Amendment right to counsel or the Sixth Amendment right to a speedy trial. The district court was found not to err in denying Mr. VeVea's 72 requested subpoenas or admitting certain evidence. Mr. VeVea's *Brady* claim was rejected. The appellate court also rejected Mr. VeVea's assertion that he was denied an unbiased fact-finder and that the evidence presented at trial does not support the verdict. To the extent that any of Mr. VeVea's other contentions were not directly discussed in the opinion, the appellate court rejected those arguments because "they lack merit." *Id*. The appellate court later denied Mr. Vevea's petition for rehearing en banc.

Significant to this motion, the Ninth Circuit ruled that "[b]ecause VeVea has completed his sentence, his challenges to the conditions of his probation are moot. *See United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999). We partially dismiss his appeal for that reason." *Id*.

DISCUSSION

Section 2255 allows a "prisoner in custody under sentence of" a federal court "claiming the right

to be released" to file a motion to vacate, set side, or correct the sentence. Pursuant to this statute, a motion for relief from a sentence imposed by a federal court pursuant to Section 2255 is available only to attack a sentence under which the prisoner is in custody. *Parker v. Ellis*, 362 U.S. 574 (1960). A motion to vacate, set aside, or correct a sentence will be denied automatically unless that sentence is then being served by the petitioner. *Roberts v. United States*, 365 F.2d 251 (9th Cir. 1666). Habeas corpus relief pursuant the Section 2255 is not available to a defendant who has served his or her sentence and has been released from custody. *Hirabayashi v. United States*, 828 F.2d 591 (9th Cir. 1987).

A federal probationer may file a Section 2255 motion to challenge the terms of his probation during his probationary period. A petitioner on federal probationer and subject to a federal detainer is "in custody" within the meaning of Section 2255. *Paolino v. United States*, 314 F. Supp. 875 (C.D. Cal. 1970); *see also*; *United States v. Condit*, 621 F.2d 1096 (10th Cir. 1980) (conditions of probation sufficiently restrain individual to constitute "custody").

Mr. VeVea lacks jurisdiction to raise this Section 2255 motion, however, because he is no longer "in custody" within the meaning of the statute. As set forth above, Section 2255 requires a petitioner to be in custody. Habeas corpus relief is not available for a petitioner who has served his or her sentence, including his or her probationary period. Mr. VeVea's probationary period expired over one year ago. Because Mr. VeVea is no longer serving his sentence, this Section 2255 motion must be denied automatically. *See Roberts*, 365 F.2d 251; *accord*, *United States v. VeVea*, No. 08-10080, p. 8 (dismissing Mr. VeVea's challenges to the conditions of his probation because he completed his sentence).

CONCLUSION AND ORDER

For the foregoing reasons, this Court GRANTS the government's motion to dismiss (Doc. 340) and DISMISSES Mr. VeVea's Section 2255 motion (Doc. 337).

IT IS SO ORDERED.

**Dated:    June 1, 2012**                              **/s/ Lawrence J. O'Neill**
                                                                              UNITED STATES DISTRICT JUDGE