IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,                    CASE NO. CR F 03-5410 LJO

                          Plaintiff,          **ORDER DENYING CERTIFICATE OF**
          vs.                                 **APPEALABILITY**

VICTOR VEVEA,

                          Defendant.
_____/

On August 16, 2012, the United States Court of Appeals for the Ninth Circuit remanded this action to this court for the limited purpose of granting or denying a certificate of appealability. The specific order upon which this latest appeal is based in this Court's June 4, 2012 order granting the government's motion to dismiss defendant and petitioner Victor VeVea's ("Mr. VeVea's") latest motion to to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 ("Section 2255").

In his 64-page Section 2255 motion, Mr. VeVea asserted ten grounds for relief, including: (1) *Brady* violation; (2) denial of right to compulsory process; (3) denial of right to be present; (4) denial of right to counsel; (5) denial of right to jury trial; (6) denial of right to speedy prosecution; (7) denial of right to impartial trier of fact; (8) conviction on untenable theories of guilt; (9) ineffective assistance of counsel; and (10) prosecutorial misconduct.

The government moved to dismiss Mr. VeVea's Section 2255 motion for lack of jurisdiction. In its motion to dismiss, the government argued that this Court lacks jurisdiction over Mr. VeVea's

Section 2255 action, because Mr. VeVea is not "in custody" within the meaning of Section 2255.

This Court granted the government's motion to dismiss Mr. VeVea's Section 2255 motion for lack or jurisdiction. Mr. VeVea was sentenced to a 3-year term of probation on March 3, 2008. Thus, his probation term was complete before his filed this Section 2255 motion. Because he was no longer on probation, Section 2255 relief was unavailable to him. See Parker v. Ellis, 362 U.S. 574 (1960) (Section 2255 allows a "prisoner in custody under sentence of" a federal court to attack a sentence under which the prisoner is in custody.); *Roberts v. United States*, 365 F.2d 251 (9th Cir. 1666) (Section 2255 motion will be denied automatically unless that sentence is then being served by the petitioner); *Hirabayashi v. United States*, 828 F.2d 591 (9th Cir. 1987) (Habeas corpus relief pursuant the Section 2255 is not available to a defendant who has served his or her sentence and has been released from custody).

The appellate court also dismissed Mr. VeVea's challenges to his sentence in his direct appeal, reasoning that "[b]ecause VeVea has completed his sentence, his challenges to the conditions of his probation are moot. *See United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999). We partially dismiss his appeal for that reason." Doc. 332.

Because Mr. VeVea lacks jurisdiction to raise a Section 2255 motion, this Court denies a certificate of appealability on this issue. 28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in Section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of

1  defendant's conviction, nor would they debate whether Mr. VeVea's probationary period ended over one

2  year prior to his Section 2255 motion.  Because he does not qualify for relief pursuant to Section 2255,

3  a certificate of appealability is improper.

4  IT IS SO ORDERED.

5  **Dated:    August 20, 2012**                                          **/s/ Lawrence J. O'Neill**
                                                                          UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28